UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BENJAMIN D. TARVER, | |
| **Plaintiff,** | |
| v. | Case No.: **6:26-cv-01006-CEM-DCI** |
| EQUIFAX INFORMATION SERVICES, LLC, | |
| **Defendant.** | |

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on July 14, 2026. Pro se Plaintiff Benjamin Tarver and Jason Joffe, Counsel for Defendant, attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | | Date |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | 8/4/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 8/18/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). Plaintiff | | 2/2/2027 |
| | Defendant | 3/2/2027 |
| | Rebuttal | 3/30/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 6/1/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 6/1/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Enter mediator's name, address, and phone number. | | 6/1/27 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 7/25/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 8/1/27 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 8/8/2027 |
| Month and year of the trial term. | | August 2027 |

The trial will last approximately 1-2 days and be

☒ jury.

☐ non-jury.

## 3.  Description of the Action

Plaintiff alleges that Equifax Information Services LLC violated the Fair Credit Reporting Act by publishing materially inaccurate, misleading, or contradictory information concerning multiple tradelines on Plaintiff's consumer reports, failing to maintain reasonable procedures to assure maximum possible accuracy, and failing to conduct reasonable reinvestigations after receiving Plaintiff's written disputes. Plaintiff further alleges that Equifax's conduct was negligent and/or willful. Plaintiff seeks statutory damages, costs, interest, and other relief permitted by law.

Equifax denies Plaintiff's allegations and contends that it complied with all applicable obligations under the Fair Credit Reporting Act. Equifax intends to assert all available defenses.

## 4.  Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

## 5.  Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6.  Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes:

4

B.    Discovery may be needed on these subjects:

Plaintiff: Plaintiff anticipates obtaining the evidence necessary to support his claims primarily from third parties and does not currently expect to serve requests directly on Defendant. Plaintiff reserves the right to seek information from Defendant if necessary based on its pleadings, defenses, disclosures, third-party productions, or other developments in the case.

Plaintiff is not seeking damages for emotional distress, mental anguish, humiliation, embarrassment, reputational injury, reduced credit score, denial of credit, lost wages, diminished earning capacity, general financial hardship, the monetary value of personal time, or comparable personal or noneconomic harm. Except for any specific economic loss expressly alleged in the operative complaint, Plaintiff is not placing his medical, psychological, employment, income, general financial, unrelated credit, or personal history at issue as a component of damages.

Discovery directed solely toward those disclaimed categories is not relevant to any damages theory Plaintiff is pursuing, and Plaintiff will object to such discovery. Plaintiff's claims and anticipated discovery instead concern Defendant's conduct, records, procedures, systems, communications, investigations, compliance practices, defenses, willfulness, recklessness, and any systemic aspects of the alleged violations.

Defendant: Equifax anticipates seeking discovery of materials related to (a) the facts and circumstances surrounding the allegations of Plaintiff's Complaint; (b) Plaintiff's alleged damages; (c) whether there is any causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by Equifax or any action or inaction of Equifax; (d) Plaintiff's financial and consumer history; (e) any communications between Plaintiff and Equifax; (f) Plaintiff's failure to mitigate his damages; (g) any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and (h) any discovery necessitated by pleadings and other discovery.

C.   Discovery should be conducted in phases:

☒   No.
☐   Yes.

D.   Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒   No.
☐   Yes.

E.   ☒   The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence:

Plaintiff's position: Plaintiff does not currently anticipate seeking discovery from Defendant and therefore does not believe that any special privilege-log, clawback, or Rule 502(d) procedure is necessary at this time. Plaintiff will comply with the Federal Rules if any privilege or work-product issue arises.

Equifax's position: Equifax agrees to work cooperatively with Plaintiff to address any claims of privilege or work-product protection that arise during discovery. The Parties will execute a mutually agreeable confidentiality agreement and, if appropriate, will seek entry of a protective order. To the extent the Parties agree on a clawback procedure pursuant to Federal Rule of Evidence 502, they will present a proposed agreement to the Court for inclusion in an order.

F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒    No.
☐    Yes.

## 10. Request for Special Handling

☒  The parties do not request special handling.

☐  The parties request special handling. Specifically, describe requested special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

/s/ Benjamin D. Tarver
Benjamin Tarver
Plaintiff, *Pro Se*
7/14/26

/s/  Jason Joffe
Jason Joffe, Counsel for
Equifax Information Services, LLC
7/14/2026

7